PATRICK H. PAYNE, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, March 7, 1904.

1. **NEGLIGENCE: Principal and Agent: Principal's Liability.** A petition sounding in negligence alleged that the engineer without orders moved out onto the main track at an hour when he knew plaintiff was generally on said track and ran at a high rate of speed without a headlight. *Held,* the allegation that he was without orders did not make the action the personal one of the engineer so as to relieve the defendant from liability for his negligence since he was in his master's employ and the latter became responsible for his actions within the line of his employment, even though they were willfully and directly antagonistic to orders.

2. ———: **Engineer's Duty: Party Rightfully on Track.** Where a party is rightfully on the railroad track to the knowledge of the engineer, it becomes his duty to keep a vigilant look-out and if by so doing he could have discovered such party in time to have avoided a collision the railroad company is liable.

3. ———: ———: ———: **Headlight.** If the engineer use every care to avoid striking a party rightfully on the track after he is discovered, yet if the engineer's negligent omission to have a headlight burning was the cause of his failure to discover such party sooner, thereby rendering it impossible to avoid the collision, the company is liable.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*Wm. S. Shirk* for appellant.

(1)   The petition does not state facts sufficient to constitute a cause of action.   The petition admits, or rather alleges, that at the time of the happening of the accident, the engineer and fireman of the engine which struck the plaintiff had taken it from the station of Myrick and the yard limits, "without any orders or authority," and that said fireman and engineer, "without orders and authority to run the same," started and operated it on the main track, etc. Reiley v. Railway, 94 Mo. 600; Ridge v. Transfer Co., 56 Mo. App. 133; Walker v. Railway, 121 Mo. 575; Hartman v. Muehlbach, 64 Mo. App. 565.   (2)   The petition shows upon its face that the collision occurred out in the country, where the engineer had a right to anticipate a clear track, and hence was not bound as a matter of law to see plaintiff, whether he in fact saw him or not, but was only bound to use ordinary care and effort not to injure plaintiff after he actually saw him in a position of peril. Carrier v. Railway, 74 S. W. 1002; Dunkman v. Railway, 95 Mo. 232; Smith v. Railway, 52 Mo. App. 36; Hutchinson v. Railway, 88 Mo. App. 376; Sullivan v. Railway, 117 Mo. 214; Reardon v. Railway,

114 Mo. 384; Hanlon v. Railway, 104 Mo. 381. (3) The sixth alleged ground of negligence is the failure of the engineer to stop his engine or make some effort to stop it, after discovering the peril of plaintiff, or sound the alarm whistle in time to warn him. It will be noted at once that there is nowhere an allegation that the engineer did see plaintiff in a position of peril in time to have stopped his engine before striking him, or that any kind of an effort, ordinary or otherwise, would have enabled him to stop in time. Barker v. Railway, 98 Mo. 50; Hanlon v. Railway, 104 Mo. 381; Boyd v. Railway, 105 Mo. 371; Scoville v. Railway, 81 Mo. 434; Baker v. Railway, 118 N. C. 1015; Kelly v. Railway, 95 Mo. 279; Railway v. Wilkerson, 46 Ark. 513. (4) The court below should have sustained defendant's demurrer to the plaintiff's evidence. The plaintiff's evidence neither proved nor tended to prove a single material allegation of his petition. (5) Then, too, plaintiff's own evidence showed that he was guilty of gross contributory negligence. He admits that if he had looked back when the engine was 250 to 300 yards from him he could have seen it coming for that distance toward him, and yet he did not look, and although his tricycle was making a great deal of noise, he did not try to listen. This was gross negligence. Tanner v. Railway, 161 Mo. 497; Sharp v. Railway, 161 Mo. 214; Harris v. Railway, 40 Mo. App. 255; Hyde v. Railway, 110 Mo. 272; Ostertag v. Railway, 64 Mo. 42; Riley v. Railway, 68 Mo. App. 652. (6) The jury should have been peremptorily instructed to find for the defendant at the close of all the evidence. This instruction was offered and refused before defendant offered other instructions in the case. Glover v. Bolt Co., 153 Mo. 342; Eberly v. Railway, 96 Mo. App. 361; Maxey v. Railway, 113 Mo. 1; Bunyan v. Railway, 127 Mo. 12; Sinclair v. Railway, 133 Mo. 233; Hauselman v. Railway, 88 Mo. App. 123.

*Clarence Vivion,* with whom is *Alexander Graves,* for respondent submitted an argument.

ELLISON, J.—This action is for personal injury received by plaintiff on account of alleged negligent management and operation of one of defendant's engines. The judgment in the trial court was for the plaintiff.

Plaintiff charges in his petition that he was an employee of defendant engaged in operating a pumping engine with which water was pumped into one of defendant's water tanks on the line of its road. That his working hours were at night from 6 o'clock p. m. to 6 o'clock a. m. That he lived some distance from the tank and in order to facilitate his service, defendant furnished him a tricycle and permitted him to use it on the track as a mode of conveyance to and from his work. That he usually followed after one of defendant's passenger trains which left a station called Myrick at 5:40 p. m. That before starting he would make inquiry of the station agent whether any other train was expected during the time it would take him to go to his work. That his custom of going along the track at this time was known to defendant's employees, and that on the 8th of November, 1902, he was proceeding on his way following said passenger train, as was his habit, when one of defendant's engineers and firemen in charge of one of its engines took the engine out of its yards at Myrick, without orders or authority from defendant, on to the main track and then started at great speed in the direction which plaintiff was going, without a headlight and without keeping a lookout, and without ringing the bell or sounding the whistle, until they overtook plaintiff at a curve in the track, when they ran against him and his tricycle, inflicting great injury.

There was evidence tending to show that the en-

gineer knew of plaintiff's use of the track, and that on the night in question he ran his engine up to the tank at an unusual hour; that he generally went much later; and that on this occasion he went without orders; that he ran the engine an a rate of speed of about 30 miles per hour without the headlight burning. The verdict being for plaintiff we must assume the truth of this testimony.

Objection is made by defendant to the effect that the petition states a case which shows it not to be liable, in that it is alleged by plaintiff that defendant's engineer moved the engine out of the yards onto the main track and ran thence to the tank for water without any order or authority from the defendant. The idea suggested is that the act thus alleged was such personal act of the engineer as not to connect defendant by a liability for the consequences resulting therefrom. The petition does not bear that interpretation. The act in going to the tank was an act for the defendant in the prosecution of its business. The business upon which the engineer was bent was the business of the defendant, though he was doing it in an unauthorized manner. It is thus that by far the greater portion of railway liability arises. An engineer may move out from a station with his passenger train without orders and collide with another train. It is thus that most of the unfortunate collisions occur, yet it would not be said that the company was absolved from the fact that the movement of the engineer was unauthorized.

In Curtis v. Railway, 99 Mo. App. 502, a brakeman had put a boy off a moving train who was riding a short distance at a station from one depot building to another, and it was contended that the brakeman was not authorized to eject anyone while the train was in motion. But Judge BROADDUS said, in response to that, that the master "by putting the servant in his place becomes responsible for all his acts within the line of his employment, even though they are willful and di-

rectly antagonistic to his orders.'' The same rule is stated in Haehl v. Railway, 119 Mo. 325.

There being evidence, the tendency of which was to show that plaintiff was rightfully on the track, and especially that defendant's servants knew he was usually going over the track at the time of the accident, it became the duty of such servants to keep a vigilant lookout for him, and if by such watchfulness they could have discovered him in time to have avoided the collision, the defendant is liable for their failure to do so. And even though it be conceded that plaintiff was negligent in not looking back, when by so doing he might have discovered the approaching engine in time to have gotten off the track, yet, if defendant's servants might have seen him by proper watchfulness and care, a liability arose in his behalf, notwithstanding his own carelessness. Morgan v. Railway, 159 Mo. 262.

Furthermore, if we concede that defendant's servants in charge of the engine used every endeavor to avoid striking plaintiff after they discovered him on the track, and that it was impossible to do so, yet, if their negligent omission to have the headlight burning was the cause of their failure to discover him sooner, thereby rendering it impossible to avoid the collision, a liability is chargeable against defendant. Murrell v. Railway (decided this term).

The foregoing practically disposes of all objections to the action of the court on the instructions; those given for plaintiff and those refused for defendant. Several of those offered by defendant were amended by the court, but the amendments are amply supported by the Morgan and Murrell cases. In view of the evidence in behalf of plaintiff as to his injuries, we do not feel that we can say the verdict was excessive.

The judgment will be affirmed. All concur.